IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**PARAMOUNT SPORTS &**
**ENTERTAINMENT MANAGEMENT, LLC,**

       **Plaintiff/Counterclaim Defendant,**
and

**ALVIN KEELS, JR.**

       **Counterclaim Defendant,**

       **v.**                                    **CIVIL ACTION NO. 2:18-cv-412**

**SANAT SHAH,**

       **Defendant/Counterclaim Plaintiff.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Remand as well as a Motion to Dismiss Count III of the Counterclaim, both submitted by Plaintiff/Counterclaim Defendant Paramount Sports & Entertainment Management, LLC ("Paramount") and Counterclaim Defendant Alvin Keels. These matters have been fully briefed and are ripe for disposition. The Court finds that a hearing will not aid judicial determination. For the reasons stated herein, this case is **REMANDED** to the Circuit Court for the City of Norfolk, Virginia as Defendant Sanat Shah ("Defendant") has waived removal. As such, Paramount's Motion to Dismiss is **MOOT**.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant is a player agent in professional sports, and specifically the National Football League ("NFL"). Counterclaim ("CC") ¶ 8. Paramount, whose CEO is Alvin Keels, acquired Defendant's agency business by bringing him in-house at Paramount. CC ¶ 9. On November 24, 2014, Defendant Shah and Paramount entered into an Assignment and Assumption Agreement

1

(the "AAA"), which provided for Shah to assign to Paramount Shah's fees under his representation agreements with his then-existing player-clients in exchange for Paramount's payment to Shah of $1,550,000 over the course of a five-year payment schedule (the "Earn-Out Payments"). CC ¶ 9. The AAA contains a forum selection clause at Section 7(i) (the "AAA clause"), which states as follows:

> Any lawsuit or other legal proceeding involving any dispute or matter arising under this Agreement may only be brought in the state courts situated in the City of Norfolk, Virginia, or in the federal courts located in the Eastern District of Virginia, in either case a court having jurisdiction over the subject matter of the dispute or matter. All parties herby irrevocably consent to the exclusive exercise of personal jurisdiction and venue by any such Court with respect to any such proceeding. CC, Exh. 1, §7(i).

On the same day as the execution of the AAA, Defendant Shah and Paramount also became parties to an Employment Agreement ("EA"), pursuant to which Defendant became an employee of Paramount in the role of "Player Agent, with the title 'Executive Vice President.'" CC ¶ 10. The EA also contains a forum selection clause at Section 12(e) (the "EA Clause"), which states:

> This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia. Employer and employee hereby irrevocably submit to the exclusive jurisdiction and venue of the Circuit Court for the City of Norfolk, Virginia, in any action or proceeding regarding this Agreement or the employment relationship established herein. Employer and Employee hereby irrevocably agree that any such action or proceeding shall be heard and determined exclusively in such court. CC, Exh. 2, §12(e).

As a result of a change in the default rate of player commission negotiated by the NFL Players Association ("NFLPA") on November 2016, some of Defendant Shah's and Paramount's clients began agitating for lower commissions. CC ¶ 17. For economic necessity, Defendant and Paramount reduced some of their respective clients' commissions with Paramount's approval. CC ¶ 20. Subsequently, Paramount suspended Shah's Earn-Out payments in order to compensate for the loss of commission revenue to Paramount. CC ¶ 24, 61.

On June 11, 2018, Paramount sued Shah in the Circuit Court for the City of Norfolk, Virginia, alleging in its Complaint two Counts: Declaratory Judgment as to a suspension and offset of certain amounts that should have been or should be paid to Shah under the AAA (Count I), and breach of contract related to both the EA and AAA (Count II). See ECF No. 1-1. Shah removed the case to this Honorable Court on July 31, 2018, answered, and filed a Counterclaim on August 6, 2018. See ECF Nos. 2 & 3. Count I of the Counterclaim seeks a Declaratory Judgment as to the rights of the parties under the AAA and the EA. Count II alleges breach of contract against Paramount under those Agreements. Count III alleges a business conspiracy against Keels and Paramount as a result of their joinder with third-party investors to suspend the Earn-Out payments, which as noted flowed from preemployment business relationships of Defendant Shah that were assigned to Paramount under the AAA.

In response to the Counterclaim, the Paramount has filed a Motion to Remand and memorandum in support (ECF Nos. 7-8), a Motion to Dismiss Count III and memorandum in support (ECF Nos. 9-10), and an Answer (ECF No. 11).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331

(2012), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1).

A defendant however may remove any action from state court to federal court in which the federal court has original jurisdiction, or if there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1441(a), (b). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has an independent duty to ensure that jurisdiction is proper and must raise a lack of subject-matter jurisdiction claim on its own motion, regardless of what the positions of the parties are as to jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

A motion to remand may be submitted after removal of a case from state court, but the motion must be filed within 30 days of removal, unless the defect asserted is subject matter jurisdiction. 28 U.S.C. § 1447. Even on a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citation omitted). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Moreover, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Mulcahey*, 29 F.3d at 151. Therefore, if federal jurisdiction is doubtful, remand to state court is required. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

## III. DISCUSSION

The Court will first consider Plaintiff's Motion to Remand. Defendant Shah removed this case by alleging diversity jurisdiction. Notice of Removal, ECF No. 1 at 3-4. Neither party disputes that the amount in controversy exceeds $75,000 and is between citizens of different states. Therefore, because the EA clause solely provides for state jurisdiction, the relevant question before the Court is whether the forum selection clause of the AAA prohibits removal to federal court.

Forum selection clauses are given a strong presumption of validity unless a court deems them unjust, unreasonable, or invalid for fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The language of the AAA provides:

> (i) <u>Jurisdiction and Venue</u>. Any lawsuit or other legal proceeding involving any dispute or matter arising under this Agreement may only be brought in the state courts situated in the City of Norfolk, Virginia, or in the federal courts located in the Eastern District of Virginia, in either case in a court having jurisdiction over the subject matter of the dispute or matter. All parties hereby irrevocable consent to the exclusive exercise of personal jurisdiction and venue by any such Court with respect to any such proceeding. Assignment and Assumption Agreement, ECF No. 1-1.

Paramount argues that under this language, Defendant Shah "irrevocably consents" to the "exclusive exercise" of jurisdiction by a state court, thus waiving his right to remove to federal court. ECF No. 14 at 3. Defendant asserts, however, that the AAA clause does not waive removal rights or the right to object to personal jurisdiction or venue; rather, Defendant argues, the AAA forum selection clause establishes where such removal must take place and confirms that Plaintiffs have consented to the laying of venue in this Court.

Defendant Shah relies on the case *Grubb v. Donegal Mutual Insurance Co.*, where the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dealt with a waiver by conduct rather than a waiver by contract. 935, F.2d 57, 59 (4th Cir. 1991). The Court finds that the *Grubb* case is dissimilar to the instant case, where there is a potential waiver by contract. The

5

Fourth Circuit has not analyzed a forum selection clause with language similar to the clause contained in the AAA. However, courts outside of the Fourth Circuit have examined forum selection clauses with similar language, and this Court may to take note of those decisions. For example, in *Russell Corp. v. American Home Assurance Co.*, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") found that the defendant insurer, by agreeing to a service-of suit clause, "had agreed to go to, *and stay in*, the forum chosen by [the plaintiff]." 264 F.3d at 1046 (emphasis added). In that case, the forum selection clause read:

> It is agreed that in the event of the failure of this Company to pay any amount claimed to be due hereunder, this Company, at the request of the Insured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

*Id.* at 1044. The court further stated that permitting removal from whichever forum the plaintiff chose would "defy the express language of [the defendant's] contract." *Id.* at 1047. The court reasoned that the broad removal language—to "comply with all requirements necessary to give such Court jurisdiction"—amounted to a waiver of removal. *Id.*

Much like in *Russell*, the forum selection clause in the AAA contains the language "*irrevocably* consent[s] to the exclusive exercise of personal jurisdiction and venue by any such Court *with respect to any such proceeding*" (emphasis added) ECF No. 1-1. The instant phrase of the forum selection clause amounts to a waiver of removal given that both parties *irrevocably* consent to the jurisdiction of the court in which the proceeding is brought. Like in *Russell*, the AAA clause encompasses removal by its terms. The waiver is not solely geographical; it is also a waiver of venue in particular courts, either state or federal, sitting in the specified location.

Applying ordinary contract principles to the clause in the instant action, the Court concludes that Plaintiffs brought the proceeding in state court, and as such Defendant contractually

6

waived his right to remove the case to federal court.

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction. This matter is hereby **REMANDED** to the Circuit Court for the City of Norfolk, Virginia. Therefore, Paramount's Motion to Dismiss is **MOOT**.

The Clerk is **DIRECTED** to electronically provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
December 7, 2018

/s/
Raymond A. Jackson
**United States District Judge**